## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

**DARIUS TAYLOR,**

                                        **Plaintiff,**

         **v.**

**COMMISSIONER OF SOCIAL SECURITY,**

                                        **Defendant.**

Civ. No. 15–3336 (KM)

**OPINION**

### KEVIN MCNULTY, U.S.D.J.:

Darius Taylor brings this action pursuant to 42 U.S.C. § 405(g) to review a final decision of the Commissioner of Social Security ("Commissioner") denying his claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401–434. For the reasons set forth below, the decision of the Administrative Law Judge ("ALJ") is REMANDED.

Mr. Taylor has submitted additional evidence of his current condition. Like the Appeals Council, I specifically point out that even a denial of benefits through April 8, 2014, would not bar Mr. Taylor from reapplying for benefits based on his condition after that date.

## I.   PROCEDURAL BACKGROUND

Mr. Taylor seeks to reverse an ALJ's finding that he was not disabled from April 12, 2012, the alleged onset date, through April 8, 2014, the date of his hearing. He applied for DIB on July 13, 2012. (R. 12)[1] His application was denied initially on October 5, 2012, and upon reconsideration on February 20, 2013. (*Id.*). On January 15, 2014, ALJ Eric Borda conducted an administrative

---

[1]         Pages of the administrative record (ECF no. 6) are cited as "R. __."

1

hearing, at which Mr. Taylor testified and was represented by William Morrison, Esq.[2] (R. 27–54) ALJ Borda also received testimony by telephone from Victor Alberigi, a vocational expert ("VE"). (R. 40–50)

On April 8, 2014, ALJ Borda issued his decision denying Mr. Taylor's DIB application. (R. 12–19). Taylor, with the assistance of an attorney from U.S. Advocates, sought Appeals Council review. (R. 7) On April 24, 2015, the Appeals Council denied Taylor's request for review (R. 1–4), rendering the ALJ's decision the final decision of the Commissioner.

Mr. Taylor, *pro se,* filed a complaint in this Court on May 15, 2015. (ECF no. 1) The administrative record was filed on July 16, 2015. (ECF no. 8) The court received no statement of issues or brief, as required by Local Civ. R. 9.1. Accordingly, on December 14, 2015, I entered an order to show cause requiring that plaintiff file a brief by January 14, 2016, or show cause why the case should not be dismissed. (ECF no. 9) On December 23, 2015, the Court received a one-page, handwritten submission from Mr. Taylor, describing his current condition and attaching a report from Dilrub Khanam, M.D., dated October 10, 2015. (ECF no. 10) The Administration filed its responding brief on February 8, 2016. (ECF no. 12)

## II.   STANDARD OF REVIEW AND REQUIRED FIVE STEP ANALYSIS

To qualify for Title II DIB benefits, a claimant must meet the insured status requirements of 42 U.S.C. § 423(c). To be eligible for SSI benefits, a claimant must meet the income and resource limitations of 42 U.S.C. § 1382. To qualify under either statute, a claimant must show that she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that

---

[2]   Mr. Morrison's name appears more than once in the transcript of the hearing. (R. 27, 29) The ALJ's decision refers to Daniel Poli, a non-attorney representative, an apparent error (R. 12).

has lasted (or can be expected to last) for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see, e.g., Diaz v. Comm'r of Soc. Sec.,* 577 F.3d 500, 503 (3d Cir. 2009).

## A. Standard of Review

As to all legal issues, this Court conducts a plenary review. *Schaudeck v. Comm'r of Soc. Sec.,* 181 F.3d 429, 431 (3d Cir. 1999). As to factual findings, this Court adheres to the ALJ's findings, as long as they are supported by substantial evidence. *Jones v. Barnhart,* 364 F.3d 501, 503 (3d Cir. 2004) (citing 42 U.S.C. § 405(g)). Where facts are disputed, this Court will "determine whether the administrative record contains substantial evidence supporting the findings." *Sykes v. Apfel,* 228 F.3d 259, 262 (3d Cir. 2000). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Zirnsak v. Colvin,* 777 F.3d 607, 610 (3d Cir. 2014) (internal quotation marks and citation omitted). Substantial evidence "is more than a mere scintilla but may be somewhat less than a preponderance of the evidence." *Id.* (internal quotation marks and citation omitted).

> [I]n evaluating whether substantial evidence supports the ALJ's findings ... leniency should be shown in establishing the claimant's disability, and ... the Secretary's responsibility to rebut it should be strictly construed. Due regard for the beneficent purposes of the legislation requires that a more tolerant standard be used in this administrative proceeding than is applicable in a typical suit in a court of record where the adversary system prevails.

*Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003) (internal citations and quotations omitted). When there is substantial evidence to support the ALJ's factual findings, however, this Court must abide by them. *See Jones,* 364 F.3d at 503 (citing 42 U.S.C. § 405(g)); *Zirnsak,* 777 F.3d at 610–11 ("[W]e are mindful that we must not substitute our own judgment for that of the fact finder.").

This Court may, under 42 U.S.C. § 405(g), affirm, modify, or reverse the Secretary's decision, or it may remand the matter to the Secretary for a rehearing. *Podedworny v. Harris*, 745 F.2d 210, 221 (3d Cir. 1984); *Bordes v. Comm'r of Soc. Sec.*, 235 F. App'x 853, 865–66 (3d Cir. 2007) (not precedential).

Outright reversal with an award of benefits is appropriate only when a fully developed administrative record contains substantial evidence that the claimant is disabled and entitled to benefits. *Podedworny*, 745 F.2d at 221–222; *Morales v. Apfel*, 225 F.3d 310, 320 (3d Cir. 2000).

Remand is proper if the record is incomplete, or if there is a lack of substantial evidence to support a definitive finding on one or more steps of the five step inquiry. *See Podedworny*, 745 F.2d at 221–22. Remand is also proper if the ALJ's decision lacks adequate reasoning or support for its conclusions, or if it contains illogical or contradictory findings. *See Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119–20 (3d Cir. 2000); *Leech v. Barnhart*, 111 F. App'x 652, 658 (3d Cir. 2004) ("We will not accept the ALJ's conclusion that Leech was not disabled during the relevant period, where his decision contains significant contradictions and is therefore unreliable.") (not precedential). It is also proper to remand where the ALJ's findings are not the product of a complete review which "explicitly weigh[s] all relevant, probative and available evidence" in the record. *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994) (internal quotation marks omitted).

## B. The ALJ's Five-Step Analysis

Under the authority of the Social Security Act, the Social Security Administration has established a five-step evaluation process for determining whether a claimant is entitled to benefits. 20 C.F.R. §§ 404.1520, 416.920. Review necessarily incorporates a determination of whether the ALJ properly followed the five-step process prescribed by regulations.

**Step 1:** Determine whether the claimant has engaged in substantial gainful activity since the onset date of the alleged disability. 20 C.F.R. §§ 404.1520(b), 416.920(b). If not, move to step two.

**Step 2:** Determine if the claimant's alleged impairment, or combination of impairments, is "severe." *Id.* §§ 404.1520(c), 416.920(c). If the claimant has a severe impairment, move to step three.

**Step 3:** Determine whether the impairment meets or equals the criteria of any impairment found in the Listing of Impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1, Pt. A. (Those Part A criteria are purposely set at a high level, to identify clear cases of disability without further analysis.) If so, the claimant is automatically eligible to receive benefits; if not, move to step four. *Id.* §§ 404.1520(d), 416.920(d).

**Step 4:** Determine whether, despite any severe impairment, the claimant retains the Residual Functional Capacity ("RFC") to perform past relevant work. *Id.* §§ 404.1520(e)–(f), 416.920(e)–(f). If not, move to step five.

**Step 5:** At this point, the burden shifts to the SSA to demonstrate that the claimant, considering her age, education, work experience, and RFC, is capable of performing jobs that exist in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(g), 416.920(g); *see Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91–92 (3d Cir. 2007). If so, benefits will be denied; if not, they will be awarded.

ALJ Borda properly followed that five step process. His conclusions may be summarized as follows.

At step one, the ALJ determined that Mr. Taylor met the insured status requirements through March 31, 2016. He had had not engaged in substantial gainful activity since April 12, 2012, the alleged onset date. (R.14 ¶¶ 1, 2)

At step two, the ALJ found that Mr. Taylor had the following severe impairments: "L5-S1 disc herniation; diabetes mellitus; hypertension; and left shoulder tendonitis (20 CFR 404.1520(c))" (R. 14 ¶ 3)

At step three, the ALJ determined that Mr. Taylor's impairment or combinations of impairments did not meet or medically equal the severity of one of the listed impairments, *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1, Pt. A. (R. 16 ¶ 4)

The ALJ defined Mr. Taylor's residual functional capacity (RFC) as follows:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant must be allowed to alternate sitting or standing positions at will. He can occasionally climb ramps, stairs, ladders, ropes, or scaffolds. He can occasionally balance, stoop, kneel, crouch, or crawl. His work must no involve overhead reaching. The claimant must avoid concentrated exposure to hazardous machinery and unprotected heights.

(R. 14–15 ¶ 5)

At step four, the ALJ found that Mr. Taylor, given his RFC, was "capable of performing past relevant work as a collections clerk, data entry clerk, accounts receivable/payable clerk, and customer service." (R. 17 ¶ 6) Such a step four finding is sufficient to establish non-disability.

Nevertheless, at step five, "[i]n the alternative, considering the claimant's age, education, work experience, and residual functional capacity," the ALJ found that "there are other jobs that exist in significant numbers in the national economy that the claimant also can perform (20 CFR 404.1569 and 404.1569(a))." These jobs did not include the full range of light work, but, based on the testimony of the vocational expert, the ALJ found that they did include the following:

> Parking Lot Cashier (DOT#211.462-010) with 25,000 jobs in the region and 802,000 jobs in the United States; Assembler of Electrical Accessories (DOT #729.687-010) with 3,500 jobs in the region and 197,000 jobs in the United States; and Small Products Assembler (DOT #706.684-022) with 2,000 jobs in the region and 200,000 jobs in the United States.

(R. 18–19)

The ALJ therefore concluded that Mr. Taylor had not been under a disability, as defined in the Act, from April 1, 2012, through the date of the decision, April 8, 2014.

## III.  ANALYSIS

There is no substantial contention that the ALJ erred in his treatment of the evidence. Mr. Taylor essentially argues that the ALJ's decision is undermined by new medical evidence, submitted after the hearing.

This Court may remand where the ALJ's findings are not the product of a complete review which "explicitly weigh[s] all relevant, probative and available evidence" in the record. *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994) (internal quotation marks omitted). In particular, the Court may order a "sentence six remand" where post-hearing evidence that may cast doubt on the ALJ's decision should in fairness be weighed by the ALJ.[3] Such a remand may be ordered "where new, material evidence is adduced that was for good cause not presented before the agency." *Shalala v. Schaefer*, 509 U.S. 292, 297, 113 S. Ct. 2625, 2629 (1993).

---

[3]   The reference is to the sixth sentence of 42 U.S.C. § 405(g):

"The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based."

I will remand so that the ALJ may consider new medical evidence that was submitted to the Appeals Council. I also remand so that the ALJ may consider new evidence that Mr. Taylor submitted to this Court. The reason for failing to present it before is apparent: the reports did not exist at the time of the hearing.

I also advise this *pro se* plaintiff that he may wish to apply for benefits for the period post-dating the ALJ's decision, if he believes his condition has worsened.

### A.    New evidence submitted to the Appeals Council

When Mr. Taylor and his counsel sought review by the Appeals Council, they submitted a report from Dilruba Khanam, M.D., dated May 9, 2014. (*See* R. 2, R. 8) Dr. Khanam's "Shortened Residual Functional Capacity Assessment" (R. 8) gives a diagnosis of neuropathy. Its RFC assessment states that Mr. Taylor is at a "less than sedentary" level. The form notes limitations of grasp, turn, twist, fine manipulation, and reach, although it apparently neglects to check boxes indicating the extent of such limitations. It notes edema and swelling of the legs requiring a cane for standing and ambulation. The form notes that Mr. Taylor is being seen by a neurologist, Dr. Ana Komotar. According to Dr. Khanam, the symptoms and limitations arose "23 months prior to first office visit on 2/12/14 for left leg and 6 months for left arm." (R. 8)

Also submitted was a report (R. 25) of Ana Miguel Komotar, M.D., F.A.A.N., the neurologist referred to in Khanam's report. (*See* R. 2 (Appeals Council notes submission of undated report of Komotar)) Although undated, the Komotar report states that it reflects nerve conduction studies and other tests that occurred on March 25, 2014, within the disability period.

The Appeals Council declined review, stating that this evidence is "about a later time," and therefore "does not affect the decision about whether you were disabled beginning on or before April 8, 2014." I do not sit to compel Appeals Council review, but I do disagree with that assessment, and exercise my own power of remand. The report of Dr. Khanam dates from less than a

month after the ALJ's decision. It does not merely reflect Mr. Taylor's post-hearing medical condition. It explicitly provides that his condition and symptoms date back to a period of time preceding an office visit, which was itself within the disability period. The report of Dr. Komotar reflects testing that occurred on March 25, 2014. That date is within the period covered by the ALJ's decision, which is dated April 8, 2014.

In remanding, I do not suggest any flaw in the ALJ's prior decision based on the record before him. Nor do I suggest a result. I remand only in order to permit consideration of a fuller record.

### B.    New evidence submitted to the Court

Mr. Taylor's short, *pro se* submission to this Court attaches an Examination Report of Dr. Dilruba Khanam, M.D., dated October 5, 2015. (ECF no. 10 at 2) The diagnosis is "Severe chronic Back Pain, Degenerative Disc Disease, myalgia, arthralgia, neuropathy." Dr. Khanam states that the patient is "unable to walk without a cane, cannot stand for long periods of time, cannot lift objects." As of that date, Dr. Khanam expected that Mr. Taylor would be unable to engage in any gainful employment or occupational training for 12 months, *i.e.*, until October 5, 2016.

The Court is unable to assess whether this report reflects a worsening of Mr. Taylor's condition, whether it reflects on his condition in the pre-April 8, 2014, period, or both. For this reason alone, I would remand to the ALJ for further consideration.

Mr. Taylor, in his handwritten submission, states that he is currently (as of December 23, 2015) taking pain medication three or four times a day; that 3 or 4 times a day his legs go into "lock hold spasms," resulting in his being "paralyzed for 5 to 10 minutes"; that he cannot stand for more than 3 minutes; and that his back pain requires him to lie down after a half hour. (ECF no. 10 at 1) This of course is not proof, but is suggestive of possible deterioration in Mr. Taylor's condition, and could be found to bear on his prior condition in 2014.

On remand, the Agency may wish to assist Mr. Taylor in applying for benefits post-April 8, 2014, to the extent new evidence or deterioration in his condition may merit it. I note also, in relation to step 5, that Mr. Taylor is now 56 ("advanced age" under the regulations, *see* 20 C.F.R. § 404.1563(c)–(e)).

## III.   CONCLUSION

For the reasons expressed above, the ALJ's decision is REVERSED and the matter is REMANDED for consideration of additional evidence.

Dated: May 13, 2016

**KEVIN MCNULTY**
**United States District Judge**

10